UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | 4:11-cv-35 |
| H&S ROOFING, INC., | ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Before the Court is the above-named Plaintiff's Motion for Default Judgment. [DE 8.] For the reasons explained below, the motion is **GRANTED**.

## BACKGROUND

The Plaintiffs are the Trustees of the Indiana State Council of Roofers Health and Welfare Fund. The Trustees brought this action against H&S Roofing, Inc. under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 185, seeking payment of delinquent contribution owed since July of 2010 pursuant to the parties' collective bargaining agreement.

The Trustees filed this action on June 14, 2011. To date, H&S Roofing has not responded to the complaint or otherwise defended against these claims. As a result, the Clerk entered default against H&S Roofing on August 30, 2011, and on September 28, 2011 the Trustees then moved for default judgment. The Trustees support their claim for damages with an affidavit from the Eligibility Specialist for Indiana State Council of Roofers Health and Welfare Fund, monthly reporting forms, and an affidavit from the Trustees' attorney.

# DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk already entered a default, I may now enter a default judgment under Rule 55(b)(2), though I must exercise discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are established. This case has been pending since June 2011, but H&S Roofing has not answered, entered an appearance through counsel, or responded to the Trustees' motions for default judgment. The default is thus not a simple technicality. No material issues of fact have been presented due to H&S Roofing's failure to participate in the lawsuit. Additionally, delay in judgment will prejudice the Trustees. Therefore, the factors weigh in favor of default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Here, this means that I must accept as true the Trustees' assertion that H&S Roofing failed to make the payments set forth in the parties' collective bargaining agreement.

Although the well-pleaded allegations of a complaint are taken as true, those relating to the amount of damages must be proved. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Here, the Trustees have submitted an affidavit from Julia Doyle, the Eligibility Specialist for Indiana State Council of Roofers Health and Welfare Fund, who claims to have personal knowledge of the payments withheld by H&S Roofing. She asserts that H&S Roofing owes $131,703.81 in missed contributions. [DE 8-2 at 2.] This number is supported by H&S Roofing's monthly reporting forms July of 2010 to June of 2011. [DE 8-3.] So the Trustees have adequately demonstrated damages in the amount of $131,703.81.

As for the attorney's fees, the attorney's affidavit provides a sufficiently itemized statement of the time spent on each task for which the Trustees seeks fees, along with the rate

charged for each task. [DE 8-1.] I find these claims reasonable. Therefore, the Trustees are entitled to recover $1,208.00 in attorney's fees and $350.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. [DE 8.] Defendant H&S Roofing, Inc. is **ORDERED** to pay Plaintiff $131,703.81 in delinquent contributions, $1,208.00 in attorney's fees, and $350.00 in court costs. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: October 20, 2011.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT